**Jerome JONES, Plaintiff,**

v.

**Robert HARRISON, et al., Defendants.**

**No. 91–3234–DES.**

United States District Court,
D. Kansas.

Aug. 8, 1994.

Jerome E. Jones, pro se.

Jon P. Fleenor, Kevin D. Case, Kristy L. Hiebert, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Secretary of the Kansas Department of Corrections. In this action, plaintiff alleges his constitutional rights were violated when he was subjected to a strip-search, transferred from the Ellsworth Correctional Facility ("ECF") to the Hutchinson Correctional Facility ("HCF"), and placed in segregation there, allegedly in retaliation for his activities in attempting to form an inmate advisory council at ECF and for assisting other inmates in preparing grievances and correspondence to various officials. He asserts that as a result of the defendants' actions he has suffered the loss of his prison job, opportunities to participate in inmate programs, and classification consideration. He seeks declaratory and injunctive relief and damages.

Defendants have filed a motion for summary judgment (Doc. 52), and plaintiff has filed a memorandum in opposition (Doc. 54). Having examined the record, the court makes the following findings and order.

*Factual Background*

Shortly before June 21, 1991, officials in the Intelligence and Investigation Unit at ECF conducted an investigation of reports received from inmates concerning a "sit down" disturbance by inmates which was to take place during the evening recreation period of June 22, 1991. The information provided led investigators to believe that violence and hostage-taking could occur during this disturbance. As a result, officers from ECF and HCF took action on the evening of June 21, 1991, to remove fourteen inmates identified as instigators of the planned disturbance from ECF to a maximum security housing unit at HCF. Plaintiff was among the inmates removed, having been identified by inmate sources as an instigator.

Incident to their removal from ECF for transport, the fourteen inmates were strip-searched; they were again strip-searched prior to their placement in segregation at HCF. A female correctional officer was present briefly during plaintiff's strip-search at ECF.

Plaintiff received an Administrative Segregation Report Form on the evening of June

22, 1991, which set forth an explanation of his transfer.

During the period of his incarceration at ECF, plaintiff was involved in efforts to establish an inmate advisory council. He also assisted a number of inmates in preparing legal papers and correspondence to various public officials.

### Discussion

■ Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230 (10th Cir.1990).

■ Plaintiff alleges his transfer and placement in segregation were motivated by retaliation for his legal activities on behalf of himself and other inmates. It is settled that prison officials may not retaliate against an inmate for pursuing his legal activities. *Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir.1990). However, it is also clear than prison authorities may restrict an inmate's activities due to the need to maintain institutional order. *Rizzo v. Dawson,* 778 F.2d 527, 532 (9th Cir.1985) (citing *Procunier v. Mar-*

*tinez,* 416 U.S. 396, 412, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974)). Accordingly, to prevail on a claim of retaliatory activity, an inmate must establish that "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Id.*

■ Here, defendants have come forward with evidence which establishes that officials had a reasonable belief that a potentially violent event was about to occur at ECF and that plaintiff and several other inmates were in the vanguard of this disruption. The course of action taken in response to this perceived threat was clearly reasonable. Plaintiff, in contrast, has come forward only with affidavits which establish what is uncontested, namely, that he was actively engaged in legal activities on behalf of himself and others during his incarceration at ECF. The court finds plaintiff has failed to provide sufficient evidence to overcome the documentation offered by defendants, and concludes defendants are entitled to summary judgment on the issue of retaliatory conduct in plaintiff's transfer and placement in segregation.

Plaintiff also complains he was improperly strip-searched in the presence of a female officer while at ECF and that he was unnecessarily strip-searched a second time upon admission to segregation at HCF.

■ At the time the fourteen inmates were removed from ECF, Officer Marge Hendershot was the only female officer assigned to the emergency response team, which effected the removal of the inmates. Each inmate was strip-searched incident to this transfer. The record shows Hendershot was present briefly during plaintiff's strip-search, but the parties sharply disagree as to the extent of her observation of plaintiff.

The court finds it unnecessary to resolve this factual dispute. First, Hendershot's presence was permissible under Kansas Department of Corrections Internal Management Policy and Procedure 12–103, which provides that, in an emergency situation, a strip search of an inmate may be conducted by or in the presence of employees of the

opposite gender. (Doc. 20, Ex. 12, p. 3, par. IV.C.2.) Next, while the court recognizes a prisoner's interest in bodily privacy and the invasive nature of observation by an officer of the opposite sex, the emergency circumstances of plaintiff's transfer present a significant penological interest in the use of available staff to expedite the transfer. Given the nature of the transfer, the court finds the presence of a female officer at the strip-search does not violate plaintiff's right to privacy. *See Letcher v. Turner,* 968 F.2d 508 (5th Cir.1992) (presence of female guards during strip search of male inmate following incident of food-throwing did not violate constitutional right to privacy).

Finally, plaintiff alleges a second strip-search conducted prior to his admission to segregation at HCF was unreasonable and unnecessary. Again, this search was conducted according to the provisions of IMPP 12–103, which require a strip-search prior to admission to segregation. (Doc. 20, Ex. 12, p. 2, Par. II.A.1, 3, 4.) Frequent searches of an inmate have been upheld as an important means of controlling contraband, and increased security is a particularly reasonable response where an inmate's behavior has resulted in placement in maximum security. *See Rickman v. Avaniti,* 854 F.2d 327 (9th Cir.1988) (upholding strip searches each time inmates in segregation left cells for any reason); *Hay v. Waldron,* 834 F.2d 481 (5th Cir.1987) (approving visual body cavity search each time segregation inmate enters or leaves cell); *Goff v. Nix,* 803 F.2d 358 (8th Cir.1986) (approving strip search and visual body cavity search each time inmate left maximum security area), *cert. denied,* 484 U.S. 835, 108 S.Ct. 115, 98 L.Ed.2d 73 (1987).

The reasonableness of a search must be determined in its context. Here, plaintiff was believed to have a leadership role in planning a potentially violent prison disruption, and he had been transferred with a number of inmates. The decision to search plaintiff before placing him in a housing unit at the new institution was not an exaggerated response to the need to maintain order, and the court finds the search conducted at HCF was reasonable.

Having examined the entire record, the court is persuaded no genuine issue of material fact remains to be resolved.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief is denied.