**Anthony LETCHER, Plaintiff–Appellant,**

v.

**Jimmie TURNER, et al., Defendants–Appellees.**

**No. 92–4122**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1992.

---

---

Anthony Letcher, pro se.

Ronald E. Corkern, Jr., Watson, Murchison, Crews, Arthur & Corkern, Natchitoches, La., for defendants-appellees.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:

Anthony Letcher appeals the district court's dismissal of his Section 1983 complaint. For the reasons set out below, we AFFIRM the district court's dismissal of his claim that the presence of female guards during a strip search invaded his constitutional right to privacy. In an unpublished opinion distributed to the parties, we consider the other issues raised by Letcher and AFFIRM the district court's dismissal of those claims.

I

Plaintiff-appellant Anthony Letcher initiated this civil rights action against Jimmie Turner, the assistant warden of the Winn Correctional Center in Louisiana, and the Corrections Corporation of America, alleging that he was deprived of various constitutional rights while he was confined on cell restriction following his involvement in an organized food throwing incident, in which a number of inmates threw their food trays, banged on their cell bars, and cursed the guards.

Essentially, Letcher complains that the restrictions imposed as punishment following the food throwing incident were not warranted by the infraction that was committed, and that they violated various of his constitutional rights. The defendants filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment. Letcher also filed a motion for summary judgment. The district court, acting under the authority of Fed.R.Civ.P. 41(d), dismissed all of Letcher's claims with prejudice, noting that it had resolved essentially the same claims in two cases filed by other inmates involved in the same incident.

II

The district court purported to dismiss Letcher's complaint action under Rule 41. A reading of that rule, however, does not reveal an appropriate basis for dismissal in this case. The defendants moved for dismissal under Rule 12(b)(6) for failure to state a claim or, in the alternative, for summary judgment. Rule 12(b) provides that, if on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.* The district judge based his dismissal upon "matters outside the pleading" and we, therefore, view the "dismiss[al] with prejudice" ordered by the district court as summary judgment for the defendants.

Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In reviewing the district court's grant of summary judgment, we review the record using the same standards as guided the district court. *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir.1988). We, therefore, cannot affirm summary judgment unless the record reveals no genuine issue of material fact. *Id.* We must view fact issues with deference to the nonmovant and draw all inferences favorably to the party opposing the motion. *Id.* We will decide questions of

law de novo. *Id.* Furthermore, "[i]n reviewing a district court's grant of summary judgment, an appellate court may affirm even though the district court relied on the wrong reason in reaching its result." *Davis v. Liberty Mutual Ins. Co.*, 525 F.2d 1204, 1207 (5th Cir.1976) (citations omitted).

With these standards in mind, we turn to review the record before us.

### III

Letcher challenges the presence of female guards during the strip search that accompanied the lock-down following the food throwing incident. He contends that their presence invaded his constitutional right to privacy. Defendants point out that this strip search was conducted in a situation where a maximum show of force was required because of the earlier unruly behavior of the inmates—called an "organized disturbance" by the defendants.

Although there is no case directly on point in this Circuit, the Ninth Circuit has held that prison officials may conduct strip searches in view of female employees and other inmates, *see Michenfelder v. Sumner*, 860 F.2d 328, 332–34 (9th Cir.1988), and the Eighth Circuit has held that female guards may, in addition to monitoring male prisoners during showers, conduct "pat" searches of male inmates. *See Timm v. Gunter*, 917 F.2d 1093, 1099–1102 (8th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991). Furthermore, this Court, in an unpublished opinion, has upheld the use of female guards in guard towers giving a full view of male inmates taking showers. *Barnett v. Collins*, 940 F.2d 1530 (5th Cir.1991) (table, No. 91–1038, unpublished), *cert. denied, Barnett v. Collins,* — U.S. —, 112 S.Ct. 980, 117 L.Ed.2d 143 (1992). In *Barnett,* this Court held that no constitutional violation occurs when naked male inmates are viewed by female guards if the presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility. *Barnett,* 4–5. Given these principles, which we endorse, there is no basis for Letcher's claim of a constitutional violation due to the presence of female guards during the strip search.[1]

### IV

Although the district court incorrectly relied on Fed.R.Civ.P. 41(d) in dismissing Letcher's claim of invasion of privacy, it considered "matters outside the pleading," Fed.R.Civ.P. 12(b), in granting that dismissal. We will, therefore, treat the dismissal as summary judgment in favor of Turner and Corrections Corporation of America. Fed.R.Civ.P. 12(b). We "may affirm even though the district court relied on the wrong reason in reaching its result." *Davis v. Liberty Mutual Ins. Co.*, 525 F.2d 1204, 1207 (5th Cir.1976) (citations omitted). Our review of the record reveals that there is "no genuine issue as to any material fact and that [defendants are] entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The judgment of the district court is, therefore,

AFFIRMED.

---

1. Although Letcher contends there were sufficient male guards available to conduct the strip search without the presence of females, he does not deny that a disturbance involving 18 or 19 inmates had just taken place. In the light of that disturbance, we see no factual dispute sufficient to cast doubt upon the need for additional security.