United States Court of Appeals,

Fifth Circuit.

No. 92-3563.

Robert O. CUPIT and Donna Blair Cupit, Plaintiffs-Appellees,

v.

McCLANAHAN CONTRACTORS, INC., formerly, AWI, Inc., Defendants,

AWI Drilling and Workover, Inc., Defendant-Appellant.

Sept. 10, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOHNSON, JOLLY and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

McClanahan Contractors, Inc. appeals a district court decision denying limitation of liability. The district court based its decision on its findings that Doyle Samples, the toolpusher in charge of the rig, was a managing agent of the vessel and that, therefore, his knowledge was imputable to the corporation. We reverse.

I.

Robert Cupit was a derrickman aboard McClanahan (then AWI, Inc.) Rig No. 8, a movable drilling rig. On August 4, 1990, the drilling crew was conducting a "fishing expedition" to retrieve a pump-out disk from the hole. Cupit was assigned to bleed off the air pressure used to prevent mud from dropping into the hole. Cupit had performed this task many times previously by bleeding the pressure through the fill-up line, but this time the pressure was too high and the fill-up line blew, causing Cupit severe injuries.

Cupit sought and obtained a sizeable jury verdict to compensate his injuries, and McClanahan sought to limit its liability under 46 U.S.C. § 183(a). Mr. McClanahan, the company president, testified that the fill-up line should not have been used to bleed off pressure at 3000 psi. There was no evidence, however, that Mr. McClanahan knew or should have known that Cupit was using that particular method to bleed off pressure. Samples, on the other hand, testified that he was aware that

the fill-up line had been used many times to bleed off pressure. Samples knew the safe and proper way to bleed off pressure and should have warned Cupit against using the fill-up line.

## II.

Once an injured seaman has established that his employer's negligence caused his injuries, a vessel owner seeking limitation of liability must prove that it lacked privity or knowledge of the negligence. *See Brister v. AWI, Inc.,* 946 F.2d 350, 359 (5th Cir.1991); *In re Ferrell Lines, Inc.,* 530 F.2d 7, 10 (5th Cir.1976).

"Privity or knowledge," sometimes described as "complicity in the fault," *Brister,* 946 F.2d at 356, extends beyond actual knowledge to knowledge that the ship owner would have obtained by reasonable investigation. *Id.* at 358.

For the purposes of limitation, a corporation is charged with the privity or knowledge of its employees when they are sufficiently high on the corporate ladder. The Supreme Court in *Coryell v. Phipps,* 317 U.S. 406, 410, 63 S.Ct. 291, 293, 87 L.Ed. 363 (1943), stated that privity or knowledge is imputed to the corporation when the employee is "an executive officer, manager or superintendent whose scope of authority included supervision over the phase of the business out of which the loss or injury occurred."

In *Continental Oil Co. v. Bonanza,* 706 F.2d 1365 (5th Cir.1983) (en banc), we rejected the assertion that the navigational negligence of a master who also occupies a managerial position in a corporation will automatically deprive the corporation of the right to limit its liability. 706 F.2d at 1376. The fact that a ship's master has been given broad and unlimited agency powers over the operation and maintenance of the vessel is insufficient to impute the master's mistake to the shipowner. *Id.* Rather, the dispositive question is whether the corporate employee is a "managing agent" with respect to the field of operations in which the negligence occurred. *Id.*

The district court found that Samples supervised all operations aboard Rig No. 8 and had the authority to control every operation thereon. We will overturn the district courts findings only if they are clearly erroneous. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has

been committed." *TransOrient Navigators Co. v. M/S Southwind,* 714 F.2d 1358, 1364 (5th Cir.1983). We are left with such a conviction in this case. While Samples, as toolpusher, had significant authority over the drilling job then in progress, his corporate position was insufficiently high and the scope of his authority was concomitantly inadequate to impute his knowledge to the corporation for the purpose of denying limitation of liability.

### III.

Samples admittedly had "authority over all phases of operations on Rig No. 8." But the circumstances led the district court to overstate the scope of Samples's authority. As long as the vessel was stationary and drilling, Samples, as toolpusher, had authority over the drilling job. But so did nine other toolpushers on any shift if each of McClanahan's nine other rigs was operating. Moreover, when that drilling job was over, Samples had no say about when and where the next drilling job would begin. For the duration of any particular drilling job, Samples's role was to oversee the drilling on one rig on a shift basis. But his authority did not extend to the basic business decisions made by the drilling supervisors and the president of the company.

Because Samples's role and the scope of his authority were relatively limited, the district court's finding that Samples was a managing agent is clearly erroneous. *See Continental Oil Co., supra.* His negligence could not be attributed to the shipowner to deny limitation of liability. McClanahan was entitled to limit its liability under 46 U.S.C. § 183(a). Therefore, we REVERSE and RENDER judgment accordingly.