United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1159

_____

Everett B. Robinson,                    *

                             *

          Appellant,          *

                             *

     v.                       *

                             *    Appeal from the United States

D. A. Boulier, Correction Officer,  *    District Court for the

Wrightsville Unit, Arkansas Department *    Eastern District of Arkansas.

of Correction; D. L. Tucker, Correction  *          [UNPUBLISHED]

Officer, Wrightsville Unit, Arkansas   *

Department of Correction; James Banks, *

Major, Wrightsville Unit, Arkansas    *

Department of Correction; P. Wallace   *

Lt., Wrightsville Unit, Arkansas      *

Department of Correction; M. Cannon,   *

Correction Officer, Wrightsville Unit,  *

Arkansas Department of Correction,    *

                             *

          Appellees.          *

_____

Submitted: April 14, 1997

Filed: September 8, 1997

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Everett B. Robinson, an inmate at the Arkansas Department of Corrections'
Wrightsville facility, appeals from the grant of summary judgment in his 42 U.S.C. §
1983 claim in favor of the defendants, employees of the Department. We affirm.

Wrightsville permits corrections officers in the control area of barracks five and
six, the area in which Robinson was housed, a view of the entire barracks, including
the showers and toilet areas. Wrightsville has a policy of gender-neutral staffing for
most positions, including surveillance of the showers and toilet areas of barracks five
and six. Thus, female officers would periodically observe Robinson in those areas.
Wrightsville requires that strip searches of male inmates be performed only by male
officers and permits only male officers to work in restrictive housing units such as
punitive isolation, administrative segregation, and death row.

Robinson and three other inmates filed suit, alleging that female corrections
officers' "panoramic view" of the shower and toilet areas violated their constitutional
right to privacy. The district court granted summary judgment in favor of defendants
as to all plaintiffs. On appeal, we determined that Robinson had not received
documents mentioned in defendants' motion for summary judgment and remanded the
case to afford Robinson further opportunity to respond to the motion.[1]

Following remand, Robinson received the relevant documents and submitted a
response to defendants' motion. The case was reassigned, and the district court[2]
granted summary judgment to the defendants, finding that Wrightsville's gender-neutral

_____

[1]We noted that because the notice of appeal was signed only by Robinson, he
was the only plaintiff to whom our decision applied.

[2]The Honorable James M. Moody, United States District Judge for the Eastern
District of Arkansas, adopting the report and recommendation of the Honorable H.
David Young, United States Magistrate Judge for the Eastern District of Arkansas.

staffing of surveillance positions in barracks five and six did not violate Robinson's right to privacy.

We review a grant of summary judgment de novo and will affirm if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law.  See Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996), cert. denied, 117 S. Ct. 696 (1997).

In determining whether Robinson's privacy interest was violated, we consider the factors outlined in Turner v. Safley, 482 U.S. 78 (1987).  In Turner, the Supreme Court held that a prison "regulation is valid if it is reasonably related to legitimate penological interests."  Id. at 89.  The Court enunciated four factors helpful in evaluating whether a regulation is so reasonably related: (1) whether a valid, rational connection exists between the regulation and the penological interest offered to justify the regulation; (2) whether the inmate has an alternative means of protecting the right; (3) whether accommodation of the right would significantly affect prison resources; and (4) whether there is an obvious, simple alternative to the challenged regulation.  See id. at 89-90; see also Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990).  We accord great deference to the judgment of prison officials in striking a balance between prisoners' rights and the demands of institutional security.  See Timm, 917 F.2d at 1099.

Robinson concedes that a rational connection exists between the regulation permitting female officers to observe inmates in barracks five and six and the government interests of internal security and equal employment opportunities.  See id. at 1102.  We find that alternative means exist for inmates to retain their privacy -- they might use a covering towel while using toilet facilities and position their bodies to minimize exposure while showering.  See id.  Such means were implicitly encouraged by the Wrightsville warden through a memorandum sent to all inmates advocating the

use of "common sense and good judgment concerning human decency and respect" when conducting personal matters necessitating disrobing.

Furthermore, accommodating Robinson by prohibiting female guards from observing inmates in the shower and toilet areas of barracks five and six would affect corrections officers and prison resources to a significant degree, for such accommodation would necessitate substantial staff adjustments, detract from equal employment opportunities, and generate additional, significant expenditures. See id.; Johnson v. Phelan, 69 F.3d 144, 146 (7th Cir. 1995), cert. denied, 117 S. Ct. 506 (1996); Grummet v. Rushen, 779 F.2d 491, 496 (9th Cir. 1985). Thus, no easy alternative to surveillance by female officers exists, as any remedy would necessarily increase administrative and financial burdens and compromise internal security. See Timm, 917 F.2d at 1102; Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992) (approving observation by female guards of male inmates taking showers when necessary to protect legitimate government interest such as prison security).

We conclude that institutional concerns for security and equal employment opportunities outweigh whatever minimal intrusion on Robinson's privacy that might result from surveillance by female officers. See Timm, 917 F.2d at 1102; Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988). Wrightsville administrators have determined that permitting all officers to monitor male inmates in the shower and toilet areas of barracks five and six, while requiring that strip searches of male inmates be performed by male officers and permitting only male officers to work in restricted areas, strikes the optimal balance between competing concerns. Finding this determination reasonable, we defer to their judgment. See Timm, 917 F.2d at 1102.

We express our appreciation to appointed counsel for her diligent efforts on Robinson's behalf.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.