**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40685
Summary Calendar

ANTHONY WAYNE WHITE,

Plaintiff-Appellant,

VERSUS

JAMES G. FERGUSON, Correctional Officer III;
SALLY J. PITTMAN, Counsel Substitute,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas

(9:96-CV-368)

December 15, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Texas prisoner Anthony Wayne White filed a civil rights complaint under 42 U.S.C. § 1983 against two prison guards in which he alleged that the presence of one of the defendants, a female, during a body cavity search of his person violated his Fourth Amendment right to privacy. The magistrate judge dismissed the complaint with prejudice on the ground that White had failed to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state a claim upon which relief could be granted.[2]  White timely filed this pro se appeal.

We agree with the magistrate judge's conclusion.  We have stated that "no constitutional violation occurs when naked male inmates are viewed by female guards if the presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility."[3]  White failed to show that the presence of the female guard was unrelated to the maintenance of security at the prison facility. He has failed to state a claim upon which relief can be granted.

White enumerates additional grievances in his brief, but he has elaborated upon none of them.  Although we construe liberally the briefs of pro se appellants, we also require that arguments be briefed to be preserved.[4]  White has abandoned all points of error he failed to brief.[5]

AFFIRMED.

---

[2] See 28 U.S.C. 1915(e)(2).

[3] *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992)

[4] *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)

[5] See *Yohey v. Collins*, 985 F.2d 222, 224-225 (5th Cir. 1993).