IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10970
Summary Calendar
_____

RODRIGUEZ CHARLES,

Plaintiff-Appellant,

versus

JIM BOWLES, ET AL,

Defendants,

JIM BOWLES, Sheriff of Dallas County;
MCMILLAN: J. SAWYER, Captain; F. WENDT, Lieutenant
SZAFRAN, Sergeant; N. GARCIA, Detention Officer;
R. L. MORGAN; R. KNIGHTEN, Detention Officer;
W. BELL, Detention Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-2771-T
--------------------
August 11, 1999

Before POLITZ, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Rodriguez Charles, Texas inmate # 95091392, appeals the summary judgment for the defendants in his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Charles rescinded his claim in the district court that the defendants performed a digital rectal search. His appellate argument that his Fourth Amendment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to privacy was violated when he was strip searched does not rise to plain error. See Elliott v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994); Highlands Ins. v. National Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1031-32 (5th Cir. 1994). Nor can Charles show that the presence of female guards violated his right to privacy. See Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992).

Charles's argument that the body cavity search violated his Eighth Amendment protection from the excessive use of force is likewise unavailing given that the force used on him was necessary to accomplish the jail's goal of preventing further fires. See Williams v. Bramer, 1999 WL 459079 (5th Cir. July 22, 1999); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989). Absent a showing of de minimis physical injury, Charles fails to establish, as a matter of law, a claim for emotional or mental suffering under § 1997e(e). Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999).

Charles also challenges the dismissal of his claim pursuant to 28 U.S.C. § 1915(e) that his placement into administrative segregation was a violation of the Fourteenth Amendment. Given that he had no liberty interest in his custodial status (see Sandin v. Conner, 515 U.S. 472, 484 (1995); Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995), the dismissal was not an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

The judgment of the district court is AFFIRMED. Charles's motion for the appointment of counsel on appeal is DENIED. See

Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).  The motion of Appellee Larry DuBois to be dismissed from the appeal is DENIED as moot.