**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-60667**
_____

**JOHN M. JACKSON,**

**Plaintiff-Appellant,**

**versus**

**CALLIE DANTZLER, individually and in her
official capacity; JOHN DONNELLY, individually and
in his official capacity,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CV-866-WS)**
_____

September 13, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

For the dismissal of John Jackson's *in forma pauperis* (IFP) and *pro se* § 1983 action against prison officials, primarily at issue is whether he stated a claim for relief under the Fourth Amendment by alleging that he was strip searched by a female guard. We **AFFIRM** in part, **REVERSE** in part, and **REMAND**.

I.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

Jackson, a Mississippi prisoner, claims in his *pro se* complaint that, in July 1997, Sergeant Dantzler (a female) subjected him to a strip search (having the inmate remove his clothing and performing a nonintrusive body-cavity search). After exhausting his administrative remedies, Jackson and two other inmates filed an action against Sergeant Dantzler and Superintendent Donnelly. The district court required separate complaints. Jackson refiled his IFP complaint, claiming that, contrary to the Fourth, Fifth, and Fourteenth Amendments, his rights to privacy and to be free of sexual harassment were violated by the strip search and by Sergeant Dantzler and other female guards watching him and other inmates use the restroom and shower.

Following a hearing pursuant to **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985), and relying on **Letcher v. Turner**, 968 F.2d 508 (5th Cir. 1992), the magistrate judge recommended that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983, on the bases that female officers may conduct such searches and monitoring, because they serve a legitimate security purpose. Jackson objected to the report. The district court overruled the objections, adopted the report and recommendation, and dismissed the complaint.

As amended by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915 requires dismissal of a prisoner's IFP civil rights complaint if the action fails to state a claim upon which relief may be granted. **Black v. Warren**, 134 F.3d 732, 733 (5th Cir. 1998); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii). A § 1915(e)(2)(B)(ii) dismissal is reviewed *de novo*, applying the standard used for FED. R. CIV. P. 12(b)(6). **Black**, 134 F.3d at 734; *see also* **Harper v. Showers**, 174 F.3d 716, 718 n.3 (5th Cir. 1999).

"To test whether the district court's dismissal under § 1915 was proper, this Court must assume that all of the plaintiff's factual allegations are true." **Bradley v. Puckett**, 157 F.3d 1022, 1025 (5th Cir. 1998). "The district court's dismissal may be upheld only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." **Id.** (internal quotation omitted).

As noted, the district court relied upon **Letcher**, in which our court affirmed a summary judgment against the claim that female guards' *presence* during a strip search invaded an inmate's constitutional right to privacy. 968 F.2d at 509. The search occurred while the inmate was on cell restriction, after being involved "in an organized food throwing incident, in which [18 or 19] inmates threw their food trays, banged on their cell bars, and

cursed the guards". *Id.* at 509, 510 n.1. The search had been "conducted in a situation where a maximum show of force was required because of the earlier unruly behavior of the inmates". *Id.* at 510.

### A.

In affirming, *Letcher* relied on *Barnett v. Collins*, 940 F.2d 1530 (5th Cir. July 31, 1991)(Table, No. 91-1038)(unpublished), which "held that no constitutional violation occurs when naked male inmates are viewed by female guards if the presence of the female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility". *Letcher*, 968 F.2d at 510. *Barnett* involved the "use of female guards in guard towers giving a full view of male inmates taking showers". *Id.*

Accordingly, Jackson's claim concerning female guards viewing him in the restroom and shower is without merit and was properly dismissed.

### B.

Citing *Letcher*, the magistrate judge also recommended (adopted by the district court) that "female prison officers ... may perform searches on male inmates". But, *Letcher* addressed *only* whether a female officer may be *present* during, *not whether she may conduct*, a strip search.

Subsequent to the dismissal of Jackson's complaint, our court addressed this search issue in **Moore v. Carwell**, 168 F.3d 234, 235 (5th Cir. 1999); a male inmate claimed that his Fourth Amendment rights were violated.  The district court dismissed the action as frivolous, holding, *inter alia*, that "the searches served the compelling state interest of ensuring security within the state prison and were the least restrictive means of furthering that interest".  **Id.**

In reversing, our court distinguished **Letcher**, which, as noted, addressed only female officers' *presence* during a strip search.  **Id.** at 236.  Our court recognized that prisoners forfeit certain rights due to legitimate penological needs, but held that all prisoner searches must be reasonable under the circumstances and that "[w]e must balance the need for the particular search against the invasion of the prisoner's personal rights caused by the search".  **Id.** at 236-37.[1]  Our court concluded that, accepting

---

[1]*See also* **Elliott v. Lynn**, 38 F.3d 188, 191 (5th Cir. 1994) (great deference is given to prison security policies and "[u]nder appropriate circumstances, visual body cavity searches of prisoners can be constitutionally reasonable"); **Canedy v. Boardman**, 16 F.3d 183, 186 (7th Cir. 1994) ("while the Supreme Court has permitted prison officials to conduct body cavity searches of prisoners after every visit with a person from outside the prison, it has emphasized that the 'searches must be conducted in a reasonable manner'") (quoting **Bell v. Wolfish**, 441 U.S. 520, 560 (1979)). *But see* **Somers v. Thurman**, 109 F.3d 614, 622 (9th Cir.), *cert. denied*, 118 S. Ct. 143 (1997) (granting qualified immunity to prison guards because right of inmates to be free from strip searches by guards of opposite sex *not* clearly established).

the inmate's allegations and reasonable inferences therefrom (search was performed in absence of "emergency or extraordinary purposes" and male guards available to conduct the search), this "*could* entitle him to relief for a *Fourth Amendment* violation". *Id.* at 237 (emphasis added).

Jackson's **Spears** hearing is not included in the record on appeal. Therefore, we cannot determine whether the allegations in his complaint, clarified by the hearing, reach whether, for example, there was an emergency situation or whether male guards were available to conduct the search.

However, in the light of **Moore**, we conclude that Jackson's allegations state a claim which *could* entitle him to relief under § 1983; therefore, the district court erred in dismissing his Fourth Amendment strip search claim. *See also* **Hayes v. Marriott**, 70 F.3d 1144, 1147 (10th Cir. 1995) (male inmate stated cognizable claim where complaint alleged strip search in front of 100 people, including women, because "a prisoner's right to privacy may be violated by a single search").

### III.

In the light of the foregoing, the dismissal of all of Jackson's claims, except his Fourth Amendment strip search claim, is **AFFIRMED**; the dismissal of that Fourth Amendment claim is **REVERSED**; and the case is **REMANDED** to the district court for

further proceedings consistent with this opinion.

**AFFIRMED in part; REVERSED in part; REMANDED**