**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

**No. 98-21115
No. H-98-CV-2009
Summary Calendar**

———————————————

**FREDDIE LEE MCKENZIE,**

**Plaintiff-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
MORRIS JONES, M. HUNT, Officer; OFFICER NESS;
G. WILSON, Lieutenant; J. S. FERNALD;
KENT RAMSEY; T. R. CARTER,**

**Defendants-Appellees.**

—————————————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas**

—————————————————————————————————

December 14, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

As the district court correctly put it, appellant McKenzie contends that strip searches in the presence of female guards violate his constitutional rights, *i.e.* those amendments that embody his right to privacy. The court dismissed his case as frivolous, citing a decision in which this court held that strip searches of male inmates in the presence of female guards do not under certain circumstances violate the Constitution. <u>Letcher v.</u>

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Turner</u>, 968 F.2d 508, 510 (5th Cir. 1992). We affirm on a narrower ground.

McKenzie's complaint and supporting documentation make clear that his privacy was not violated by a strip search in the presence of the female guard on June 12, 1997. Although ordered to strip, he refused to do so except in private, and his refusal persisted long enough that the female guard was no longer present when the search was finally conducted. Instead, McKenzie was subjected to prison discipline for not complying with the guards' order promptly.

McKenzie's complaint thus can not urge a specific violation of his privacy rights. Instead, it challenges the prison policy that, he says, always permits strip searches to be conducted in the presence of female guards.[1]

Whether or not McKenzie's interpretation of the regulation is correct, he has no standing to pursue this issue. First, as noted, his eventual strip search was <u>not</u> carried out in the presence of a female officer. Second, at the conclusion of his grievance proceeding, prison officials concluded that McKenzie refused the order to strip even after the female officer had left the area. His discipline was therefore based on refusal to obey the order whether or not a female officer was present. He was not directly injured by the prison's strip search policy, and he cannot state a claim for relief against that policy here.

---

[1] McKenzie's case is obviously distinguishable from <u>Moore v. Carwell</u>, 168 F.3d 234, 235 (5th Cir. 1999), in which we held that Fourth Amendment rights might be violated if a female unnecessarily strip-searched him.

For these reasons, the district court judgment is **AFFIRMED.**