**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-10765
Summary Calendar

JOHN HAGAN,

Appellant,

versus

PAUL COGGINS, Individually and as
United States Attorney for the Northern
District of Texas; BOBBY SCOTT, Individually
and as the District Director of the Internal
Revenue Service Northern District of Texas,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-3041-L)

January 26, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Plaintiff, John Hagan ("Hagan"), appeals the district court's grant of summary judgment in

favor of Paul Coggins and Bobby Scott ("Appellees" or "defendants") in their individual and official

capacities. For the following reasons we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Hagan is a Certified Public Accountant who filed for bankruptcy in 1998. During the

bankruptcy proceedings he instituted an adversarial proceeding against Paul Coggins ("Coggins"),

United States Attorney for the Northern District of Texas, and Bobby E. Scott ("Scott"), former IRS

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Director for the North Texas District. In his original and amended complaints Hagan alleged that Coggins and Scott targeted him and attempted to entrap him by sending undercover federal agents into his business posing as customers and asking Hagan to file fraudulent tax returns, and launder money. Hagan also claims that at the request of Coggins, and under the direction of Scott, the IRS began extensive audits of Hagan's two biggest clients. Hagan's complaint named Coggins and Scott in both their individual and official capacities, and sought relief for "personal injuries" including financial loss. Hagan claimed that these personal injuries were a result of violation of his Fourth Amendment right to be free from unlawful searches and seizures. In February 1998, the reference of these adversarial proceedings to the bankruptcy court was withdrawn and this action was transferred to the district court. The magistrate judge found that Hagan failed to prove any violation of his Fourth Amendment rights, and that the suit against Coggins and Scott in their official capacities was a suit against the United States and thus barred by sovereign immunity. The magistrate recommended granting summary judgment in favor of Coggins and Scott in both their individual and official capacities. The district court subsequently adopted the magistrate's findings and granted summary judgment in favor of Coggins and Scott.

DISCUSSION

Hagan argues that the district court erroneously granted summary judgment in favor of Coggins and Scott. Specifically, Hagan contends that the district court utilized an improper summary judgment standard, and that the district court wrongly concluded that his action against the defendants was barred by sovereign immunity. Finally, Hagan argues that the district court should not have granted summary judgment prior to discovery.

I.      Standard of Review

Hagan argues that the magistrate's order which was adopted by the district court is unclear

2

as to whether his suit was dismissed on summary judgment or under FED. R. CIV. P. 12(b)(6). If matters outside of the pleadings are presented when a party makes a motion for judgment on the pleadings, that motion should be treated as a motion for summary judgment. FED. R. CIV. P. 12(c); Letcher v. Turner, 968 F.2d 508, 509 (5th Cir. 1992). In the present case, affidavits accompanied the defendants' motion to dismiss, therefore the motion is considered as a motion for summary judgment. It is well settled that this court reviews a district court's grant of summary judgment de novo. Letcher, 968 F.2d at 509-10.

Summary judgment is proper when the pleadings and any other evidence, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex v. Cartrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986). The burden on the party moving for summary judgment may be discharged by pointing out to the district court that there is a lack of evidence to support the nonmoving party's case. Id. at 325. Once the moving party has carried its initial burden the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. Matushita Electric Industrial Co. Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986).

II.     Claims against Defendants in their Individual Capacities

Hagan asserts that his claims against Coggins and Scott in their individual capacities are derived from Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971). In Bivens, the Supreme Court held that money damages may be recovered against a federal official for violation of a plaintiff's constitutional rights. Id. at 397. In order for a plaintiff to prove a Bivens claim the plaintiff must demonstrate that they were deprived of a *constitutional* right. See Emplanar, Inc. v. Marsh, 11 F.3d 1284, 1295 (5th Cir. 1994) (citing Zerinial v. United States, 714 F.2d 431, 435 (5th Cir. 1993)) (emphasis added).

Hagan contends that Coggins and Scott violated his Fourth Amendment right to be free from unreasonable searches and seizures. Hagan's specific contention is that his Fourth Amendment rights were violated by the defendants' attempts to entrap him and the wrongful levy of taxes against his

3

wife. This court has specifically rejected the argument that the government should have reasonable suspicion that an individual is involved in some illegality before targeting him in a sting operation. See United States v. Allibhai, 939 F.2d 244, 249 (5th Cir. 1991). We have also held that a wrongful levy by the I.R.S. does not violate due process, "so long as there is an adequate opportunity for post-collection review." Baddour, Inc. v. United States, 802 F.2d 801, 807 (5th Cir.1986); see also, Morales v. Haynes, 890 F.2d 708, 710 (5th Cir. 1989). Therefore, because Hagan's allegations against Coggins and Scott do not amount to a viable claim of any violation of constitutional rights, the district court properly granted summary judgment on the claims against Coggins and Scott in their individual capacities.

III.    Claims Against Defendants in their Official Capacities

The remainder of Hagan's claims are against Coggins and Scott in their official capacities. Specifically Hagan contends that the defendants used their "influence" and authority as United States Attorney and Regional Director for the IRS, respectively, to engage in "multiple entrapment attempts" and "political" audits of his two largest clients. When there is an action against an individual defendant for their actions taken in their official capacity as agents of the United States, that suit is one against the United States itself. See Drake v. Panama Canal, 907 F.2d 532, 534 (5th Cir. 1990 ) (citing Simons v. Vinson, 394 F.2d 732 (5th Cir.), cert. denied, 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379 (1968)). (stating that sovereign immunity extends to the government's officers and agencies).  The United States may not be sued except to the extent it has consented to such a suit by statute. See United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L.Ed.2d 114 (1976); Smith v. Booth, 823 F.2d 94, 96 (5th Cir.1987). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. See Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994). In the present case there is no indication that the United States has waived its immunity. Therefore, the allegations against Coggins and Scott for actions undertaken while acting

4

as agents of the United States are barred by sovereign immunity.

IV.     Discovery

Finally, Hagan argues that the district court erred by not allowing him to conduct discovery prior to entering summary judgment in favor of the defendants. The district court's decision to proceed to summary judgment without allowing further discovery is reviewed for abuse of discretion. See Enplanar, 11 F.3d at 1291 (citations omitted). The Supreme Court has previously determined that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery. See Harlow v. Fitzgerald, 457 U.S. 800, 817, 102 S.Ct. 2727, 2738-457, 73 L.Ed. 2d 396 (1982). This court has also concluded that the protection afforded by official immunity is not merely immunity from payment of damages for discretionary actions taken in the good faith performance of official duties but also freedom from the burden of standing trial or even unnecessary discovery in cases in which liability is foreclosed as a matter of law. Lynch v. Cannatella, 810 F.2d 1363, 1369 (5th Cir. 1987). Thus, because Hagan's claims against the defendants were foreclosed as a matter of law because he was unable to assert any constitutional violation committed by Coggins and Scott, and their official actions were protected by sovereign immunity, the district court properly limited discovery in this matter.

## CONCLUSION

We find that the district court properly granted summary judgment in favor of Coggins and Scott in both their individual and official capacities. Furthermore, the district court did not err in limiting discovery.

AFFIRMED.

5