# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2011

No. 10-10260
Summary Calendar

Lyle W. Cayce
Clerk

JERRY RAMON,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BRAD LIVINGSTON,
Executive Director, Texas Department of Criminal Justice; TEXAS CRIMINAL
JUSTICE BOARD; OLIVER BELL, JR., Chairman, Texas Criminal Justice
Board; GILBERT CAMPUZANO, Regional Director, Texas Department of
Criminal Justice Region VI; RICHARD G. LEAL, Assistant Warden; CHERYL
LAWSON, Assistant Warden, French M. Robertson Unit; CARY J COOK,
Assistant Warden, French M. Robertson Unit; ARCHIE SCARBOROUGH,
Chaplain, French M. Robertson Unit; JIM GLEN ADKINS, Chaplain, French M.
Robertson Unit; JOHNNY BROWN, Correctional Officer, French M. Robertson
Unit; MOLLY S. CEDILLO, Correctional Officer, French M. Robertson Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-200

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10260

Jerry Ramon, Texas prisoner # 1086529, appeals the district court's grant of summary judgment in favor of the defendants and dismissal of his 42 U.S.C. § 1983 complaint. Ramon argues that the district court erred in granting summary judgment because there were genuine issues of material fact, the district court abused its discretion in denying his motion for recusal, the district court abused its discretion in denying Ramon's requests for discovery and written depositions, and the court abused its discretion in denying his motions for the appointment of counsel.

Ramon's arguments challenging the grant of summary judgment are limited to the factual scenario concerning a strip search performed on April 20, 2009, by Johnny Brown and Molly Cedillo. Ramon does not present arguments challenging the finding that he failed to exhaust his administrative remedies as to claims that he was denied his equal protection rights on the basis of religion by the denial of his right to assemble with other members of his faith without the need for a supervisor or a volunteer chaplain. Ramon also does not challenge the finding that the defendants were entitled to Eleventh Amendment immunity for claims against them in their official capacities. Ramon further fails to brief the issue whether the defendants Bell, Campuzano, Cook, Leal, Lawson, Scarborough, and Adkins were entitled to qualified immunity because of their lack of personal involvement in the factual scenario giving rise to Ramon's claims. Because Ramon fails to brief all of these issues, they are abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

We review a district court's grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260. 266 (5th Cir. 2010). The district court did not err in granting summary judgment. There was no genuine issue of material fact. It was undisputed that Ramon was subjected to a visual cavity search by Brown and Cedillo on April 20, 2009, when Ramon was leaving his housing unit to enter the recreation yard. Cedillo did not directly participate in the search but

2

watched it solely for the purpose of providing security for Brown. There was no evidence of discrimination on the basis of religion in the application of this policy. *See Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). The prison's policy in conducting these searches is not a violation of Ramon's Fourth Amendment privacy rights. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992). Security is a legitimate penological interest; therefore, the search did not violate Ramon's religious rights under RLUIPA or the First Amendment. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Diaz v. Collins*, 114 F.3d 69, 73 (5th Cir. 1997).

The district court did not abuse its discretion in denying Ramon's motion to recuse. *See Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). Ramon provides no argument or facts showing that he was entitled to recusal of the district court.

Nor did the district court abuse its discretion in denying Ramon's motions for discovery and depositions filed under Federal Rule of Civil Procedure 56. *See Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161-62 (5th Cir. 2006). Ramon failed to explain to the court the need for additional discovery and depositions. He did not demonstrate that the discovery and depositions would create a genuine issue of material fact. *See id.* at 162. He presents nothing more than vague assertions in support of his claim. *See id.*

We review a district court's denial of a motion to appoint counsel for abuse of discretion. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Because Ramon's constitutional issues and the issues arising under RLUIPA were not particularly complex and Ramon has proven himself more than capable or proceeding without the assistance of counsel, the district court did not abuse its discretion in denying Ramon's motions. *See id.*; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Accordingly, the judgment of the district court is AFFIRMED. Ramon's motion for the appointment of counsel on appeal is DENIED.