# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

No. 09-60959
Summary Calendar

Lyle W. Cayce
Clerk

PAUL GRAHAME MORGAN,

Plaintiff-Appellant

v.

STATE OF MISSISSIPPI; ATTORNEY GENERAL OF THE STATE OF
MISSISSIPPI; CHRISTOPHER EPPS; E.L. SPARKMAN; RONALD KING;
LAWRENCE KELLY; MARGARET BINGHAM; BOBBY KING; DR. BEARRY;
RUTHIE HALL, Nurse; MILLIS WASHINGTON; DR. ARNOLD; DR. WALKER;
LT. HOLMES; DR. WATTS; DR. MCCLEAVE; DR. RON WOODALL;
LIEUTENANT "UNKNOWN" BONNER; CAPTAIN UNKNOWN DAVIS; EMIL
DANEFF; WEXFORD HEALTH SOURCES, INC.; JOHN DOE, I, CEO of
Correctional Medical Services; JOHN DOE, II, CEO of Wexford Health Sources,
Inc.; JASON HOLMES; HUBERT DAVIS; RITA BONNER; CAPTAIN PAGE;
CAPTAIN ENLERS; CAPTAIN SIMMS; BRENDA SIMMS; NINA ENLERS;
SHARON PAIGE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-15

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-60959

Paul Morgan, Mississippi prisoner # 53437, who is currently incarcerated in the South Mississippi Correctional Institution (SMCI), filed a 42 U.S.C. § 1983 action naming, as pertinent to this appeal, the following defendants: (1) Wexford Health Sources, Inc., Dr. Emil Dameff, Dr. Ron Woodall, Dr. Charmaine McCleave, and Millis Washington (collectively referred to as the Wexford Defendants); (2) Correctional Medical Services, Inc. (CMS), Nurse Ruthie Hall, Dr. John Bearry, Dr. Risher Watts, Dr. Rochel Walker, Dr. Patrick Arnold, and Bobby King (collectively referred to as the CMS Defendants); and (3) the State of Mississippi, Christopher Epps, Emmitt Sparkman, Ronald King, Lawrence Kelly, Margaret Bingham, Jason Holmes, Hubert Davis, Rita Bonner, Brenda Simms, Nina Enlers, and Sharon Paige (collectively referred to as the State Defendants). Morgan alleged, as relevant to the instant proceeding, claims against the defendants in their official and individual capacities for the denial and/or delay of adequate medical treatment, improper conditions of confinement, violation of his freedom of religion (denial of Lenten food tray), violation of his right to privacy and to be free from illegal searches and seizures, and violation of the Americans with Disabilities Act (ADA).[1]

Morgan has failed to adequately brief, and has therefore abandoned on appeal, any challenge to the district court's (1) partial grant of a motion to dismiss in favor of the State Defendants; (2) partial grant of summary judgment in favor of the Wexford Defendants; and (3) granting of summary judgment in favor of the CMS Defendants. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He has also abandoned on appeal any challenge to the district court's granting of judgment as a matter of law in favor

---

[1] Through his complaint and various amended complaints, Morgan named approximately 35 defendants in total and alleged a plethora of claims. Many of those defendants and claims were dismissed at various times during the course of the more than three-year litigation. Morgan does not appeal those dismissals; he has therefore abandoned them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

of Ms. Washington, Dr. Woodall, Dr. Dameff, and the remaining Wexford Defendants. *Id.*

As for the claims that proceeded to bench trial, this court reviews the findings of fact for clear error and issues of law de novo. FED. R. CIV. P. 52(a); *Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc.*, 62 F.3d 690, 693 (5th Cir. 1995). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th Cir. 1993).

The district court did not err in rejecting Morgan's claim that he was subjected to unconstitutional searches and seizures. Although a prisoner's rights are diminished by legitimate penological needs, "[t]he Fourth Amendment . . . requires that searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994) (internal quotation and citation omitted). The invasion of privacy that Morgan alleged was no greater than this court has previously held to be constitutional. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *Elliott*, 38 F.3d at 190-92.

With regard to Morgan's First Amendment challenge to the Lenten policy, as noted in *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007), "[t]his circuit has already ruled that prisons need not respond to particularized religious dietary requests to comply with the First Amendment." Moreover, Morgan failed to show that the practice of his religious faith was entirely circumscribed by the prison's Lenten policy. *See Kahey v. Jones*, 836 F.2d 948, 950-51 (5th Cir. 1988), The district court's account and interpretation of the evidence are plausible in light of the record viewed in its entirety; no error in the denial of relief has been shown. *See Reich v. Lancaster*, 55 F.3d 1034, 1045 (5th Cir. 1995).

No. 09-60959

Nor has Morgan shown that the district court erred in denying relief with regard to his claims that the defendants were deliberately indifferent to his medical needs. The Eighth Amendment does not mandate comfortable prisons. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Rather, it protects prisoners against the wanton and unnecessary infliction of pain and exposure to egregious physical conditions that deprive them of basic human needs. *Id.*

Morgan's claims amounted, at best, to a claim of negligence or malpractice which is insufficient to establish deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). And, certainly, the claims failed to show that the defendants implemented a policy so deficient that the policy itself was a repudiation of constitutional rights and was the moving force of the constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Moreover, Morgan's arguments on appeal amount to no more than a disagreement with the district court's credibility determinations to which this court defers. *See Reich*, 55 F.3d at 1045. Lastly, a review of the trial transcript shows that the district court's account and interpretation of the evidence are plausible in light of the record as whole; the district court did not err in denying relief. *See id.*

We conclude that Morgan has abandoned by failing to adequately brief the district court's denial of his ADA claims and his claim that he was denied impeachment evidence. *See Brinkmann*, 813 F.2d at 748. The district court also did not err in denying Morgan's request for appointment of counsel and expert witnesses. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Pedraza v. Jones*, 71 F.3d 194, 196-97 & n.5 (5th Cir. 1995).

Morgan avers that the district court erred in excluding his "personal logs." Morgan's appellate brief does not mention any offers of proof and does not cite to any pages of the record on appeal that might indicate that offers of proof were ever made regarding the logs. Therefore, any error was waived.

4

No. 09-60959

*See United States v. Clements*, 73 F.3d 1330, 1336 (5th Cir.1996).  Finally, we decline to address Morgan's new evidence regarding the fact that he broke his hip in December 2009 and a recent Department of Justice investigation of SMCI. *See Leonard v. Dixie Well & Supply, Inc.*, 828 F.2d 291, 296 (5th Cir. 1987).

AFFIRMED.