# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-40166
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2011

Lyle W. Cayce
Clerk

KENNETH WAYNE MENARD,

Plaintiff-Appellant,

versus

TIMOTHY L. EVANS; SERGEANT APRIL JENKINS,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 5:10-CV-227

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenneth Menard, Texas prisoner # 724683, seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that he was subjected to a visual body cavity search in the presence of female prison employees in viola-

___

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion of the Fourth Amendment. The district court dismissed the complaint both as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, our review is *de novo*. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The invasion of privacy that Menard alleged was no greater than this court has previously held to be constitutional. *See Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *Elliott v. Lynn,* 38 F.3d 188, 190-92 (5th Cir. 1994)*; Oliver v. Scott,* 276 F.3d 736, 747 (5th Cir. 2002). Menard's appeal is without arguable merit, and we dismiss it as frivolous. S*ee* 5TH CIR. R. 42.2.

The dismissal of the complaint by the district court as frivolous and for failure to state a claim and the dismissal of the appeal as frivolous count as strikes pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Menard garnered a strike in *Menard v. Wagner*, No. 3:09-CV-8 (S.D. Tex. Mar. 2, 2011). Accordingly, he has three strikes and is now barred under § 1915(g) from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is un-der imminent danger of serious physical injury. *See* § 1915(g).

Menard has also filed a motion for appointment of counsel. Because this matter is not particularly complex, and Menard has shown an ability to prepare a cogent brief and cite relevant facts and law, the motion is DENIED. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).