# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2013

No. 12-10579
Summary Calendar

Lyle W. Cayce
Clerk

JERRY RAMON,

Plaintiff-Appellant

v.

RICHARD D. DANIEL, Captain of Security; TRISHA L. BRAZEE, Sergeant of Security; JULIUS KATZ, Correctional Officer of Security; SUZANNE JACKSON, Correctional Officer of Security; BARBARA STEWART, Correctional Officer of Security; H. TEAGUE, Correctional Officer of Security; JOHNNY G. BROWN, Correctional Officer of Security; JENNIFER RAGAN, Correctional Officer; DALE L. BOEKER, Correctional Officer; MARIELA E. MATA, Correctional Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-197

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerry Ramon, Texas prisoner # 1086529, appeals the magistrate judge's (MJ) partial dismissal as frivolous of his claims arising under the Religious Land Use and Institutionalized Person's Act (RLUIPA) and the district court's partial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant of summary judgment in favor of the defendants and dismissal of his 42 U.S.C. § 1983 complaint.

The appellees assert that this court lacks jurisdiction to review the magistrate judge's order of March 17, 2011, wherein Ramon's claims under RLUIPA were dismissed as frivolous, as well as orders from the district court entered on March 17, 2011, November 9, 2011, and January 25, 2012, because Ramon's notice of appeal was not filed until May 25, 2012, after the district court granted summary judgment and dismissed the remainder of his claims.

When an action involves multiple parties, a decision that adjudicates the liability of fewer than all the parties does not terminate the action unless the district court expressly determines that there is not a just reason for delay and expressly directs entry of a final judgment.  FED. R. CIV. P. 54(b).

The orders dated March 17, 2011, November 9, 2011, and January 25, 2012, were not certified as final appealable judgments under Federal Rule of Civil Procedure 54(b).  *See* FED. R. CIV. P. 54(b); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters. Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (stating that the judgment must reflect an unmistakable intent to be entered as a partial final judgment).  Thus, Ramon could not appeal these orders until the district court entered judgment adjudicating the remaining claims, which occurred on May 11, 2012.  His notice of appeal was timely filed, and this court has jurisdiction over the appeal.  *See* FED. R. APP. P. 4(a)(1)(A).

Ramon argues that the MJ erred in dismissing his claims brought under RLUIPA as frivolous.  He contends that he was not allowed to assemble with other Yawehist Messianic Jews on holy days or the Sabbaths because Jewish inmates were required to have an outside volunteer present to supervise the gathering pursuant to Administrative Directive 7.30. Ramon also challenges the dismissal as frivolous of his RLUIPA claim attacking strip searches performed in the presence of female correctional officers.  He does not address the magistrate judge's dismissal of his claims against the defendants in their official

2

capacities, the claims against certain defendants based on a finding that they had no personal involvement, or the dismissal of his RLUIPA claim for damages against the defendants in their individual capacities. Nor does he address the dismissal as frivolous of his claims challenging the denial of administrative grievances, the denial of his First Amendment rights, and the denial of his Equal Protection rights. Further, he fails to address the district court's refusal to exercise jurisdiction over his state law claims. Because Ramon does not brief these issues, they are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

A 28 U.S.C. § 1915 dismissal as frivolous is reviewed for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). A complaint is frivolous and lacks an arguable basis in law if it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In *Mayfield v. Texas Department of Criminal Justice*, 529 F.3d 599, 614-15 (5th Cir. 2008), we held that the availability of an outside volunteer only once every 18 months in conjunction with the lack of evidence that a volunteer would likely soon be available to reduce the burden on Mayfield's ability to worship in a group provided a reasonable basis for a factfinder to conclude that the application of the Texas Department of Criminal Justice's (TDCJ) outside-volunteer policy imposed a substantial burden on Mayfield's right to exercise his religion in violation of RLUIPA.

Ramon alleged that he had requested to congregate with other Yawehist Messianic Jews on holy days in the multipurpose room, but his request was denied. At the *Spears*[1] hearing, Ramon explained that since he had been at the Robertson Unit in 2003, an outside volunteer religious leader had only visited to assist in religious gatherings for his group on two occasions. Ramon noted that Protestants were allowed to engage in choir practice in the multipurpose

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

room without supervision and that Muslims were allowed to worship in a communal fashion without supervision.

Concerning the strip searches, Ramon alleged that by performing the searches in the presence of females, a substantial burden was placed on the exercise of his religion by forcing him to violate his religious belief of modesty. The magistrate judge accepted that modesty was a tenet of his faith. Further, Ramon asserted that the strip searches could have been performed in a nearby multipurpose room or in showers with wooden doors which allowed for a search without the violation of his religious beliefs.

Based on the facts as alleged by Ramon in his complaint and at the *Spears* hearing, the issues concerning whether the TCDJ's outside-volunteer policy and the strip searches performed in the presence of females impose a substantial burden on Ramon's religious practice are not based upon an indisputably meritless legal theory. *See Neitzke v. Williams*, 490 U.S. at 327. Therefore, the magistrate judge's dismissing Ramon's claims for injunctive and declaratory relief as frivolous was an abuse of discretion. *See Norton*, 122 F.3d at 291.

Additionally, Ramon challenges the district court's grant of summary judgment based on a finding that the challenged strip searches did not violate his constitutional rights. He contends that the searches were invasive and unjustified, serving no legitimate purpose. He further contends that the searches could have been performed outside the presence of female officers in a nearby multipurpose room.

We review a district court's grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The district court did not err in granting summary judgment. The prison's policy in conducting these searches is not a violation of Ramon's Fourth Amendment privacy rights. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992).

No. 12-10579

Ramon also contends that the district court erred in denying his motion for the appointment of counsel after the setting of a trial date. We review a district court's denial of a motion to appoint counsel for abuse of discretion. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Because Ramon's constitutional issues and the issues arising under RLUIPA were not particularly complex and Ramon has proven himself more than capable of proceeding without the assistance of counsel, the district court did not abuse its discretion in denying Ramon's motions. *See id.*; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The district court's order granting summary judgment in favor of the defendants is affirmed.

Finally, Ramon asserts that the district court abused its discretion by denying his motion for additional time to take discovery in order to respond to the defendants' summary judgment motion and denying his request to depose incarcerated witnesses.

A district court may exercise its "sound discretion" with respect to discovery matters. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (internal quotation marks and citation omitted). A party opposing a summary judgment motion "must show how the additional discovery will defeat the summary judgment motion." *Id.* The district court did not abuse its discretion in denying Ramon's requests for discovery and depositions. The defendants provided copies of the relevant grievances he filed, as well as copies of the relevant prison policies regarding strip searches. Additionally, Ramon obtained declarations from three inmates he requested to depose. The district court's denial of Ramon's motions for discovery, the appointment of counsel, and to depose incarcerated witnesses is affirmed.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.