Roy Griffin DAVIS, Plaintiff-Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation, Defendant-Appellee.

No. 74–3825.

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1976.
Rehearing and Rehearing En Banc Denied Feb. 23, 1976.

Philip H. Butler, Montgomery, Ala., for plaintiff-appellant.

William I. Hill, II, Montgomery, Ala., for defendant-appellee.

Before BROWN, Chief Judge, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff, Roy Griffin Davis, injured his hand while working at a corrugator machine as an employee of a company for which the defendant, Liberty Mutual Insurance Company, was the workmen's compensation carrier. Despite the fact that Davis had received workmen's compensation benefits from Liberty Mutual, he filed his Alabama diversity action to recover additional damages because of Liberty Mutual's alleged negligence in conducting certain safety inspections. He contends that had the inspections been conducted properly, the placement of a protective shield on the corrugator machine would have been corrected and that this would have prevented his being injured.

After discovery had been initiated, Liberty Mutual moved for summary judgment on the grounds that (1) plaintiff had assumed the risk of injury, and (2) plaintiff failed to establish all the necessary elements of a cause of action for negligent inspection. The district court granted the motion on the assumption of risk defense, thereby finding it unnecessary to decide whether plaintiff had established a cause of action for negligent inspection sufficient to withstand summary judgment. Although we disagree with the district court's basis for decision, as we find the evidence sufficiently conflicting for the assumption of risk defense to be submitted to a jury, we nevertheless affirm its decision since the plaintiff failed to establish the necessary elements of a cause of action for negligent inspection.

I.

At the time of his injury, Davis had been employed for approximately eight years by Brockway Glass Company in Montgomery, Alabama. He was thoroughly familiar with the corrugator machine, at which he was injured, and testified at his deposition that he was aware of the danger associated with the machine. He admitted that he knew that a co-worker had previously gotten his hand caught between the machine's rollers and that thereafter he was more careful in working with the machine.

The portion of the corrugator machine at which plaintiff was injured consisted of two contiguous rotating rollers. The corrugated paper is fed between the two rollers so that it can be fused with liner paper. In front of the top roller was a steel shield to protect persons who, while feeding the machine, might otherwise be exposed to danger. This guard was designed as a deflector, but was not intended to prevent a hand from going into the machine when corrugated paper is being fed into it by hand. At the time of the accident, the distance between the shield and the corrugated paper was approximately 3½ inches.

Plaintiff's job on the day of his accident was to hand-feed the corrugated paper between the two rollers. When the paper would break, or when a new roll was started, the operator of the machine would have to reinsert the paper between the rollers. At the time of the accident, this procedure was customarily performed with the machine in operation. While Davis was refeeding the paper between the rollers, the paper lapped over his hand and pulled it under the protective shield and between the rollers. As a result of this accident, plaintiff's hand was badly crushed and scalded by steam from the machine.

II.

The district court granted Liberty Mutual's motion for summary judgment on the basis of the affirmative defense of assumption of risk, finding no genuine issue of fact concerning Davis' knowledge and appreciation of the dangers surrounding the operation of the corrugator machine.

Initially we note our concern as to whether the defense of assumption of risk is even available to a workmen's compensation insurer under the circumstances of this case. It can be argued that the risk which needed to be assumed was the risk of a negligent safety inspection. *See generally* W. Prosser, *Law of Torts* § 68, at 449 (4th ed. 1971). This type assumption seemingly relates to the question of reliance which, as will be further discussed below, is an element of the cause of action and not a matter, of defense.

Under the rule of *Erie R. R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we are, of course, obliged to apply Alabama law in this diversity case. The parties have not argued this question before us, however, and our own research has not revealed any relevant Alabama case. Resting our disposition of the issue on an alternative basis, we assume, without deciding, that the assumption of risk defense sought to be raised by Liberty Mutual is available to a workmen's compensation carrier defending against a claim of negligent inspection.

■ Generally, and in Alabama, the defense of assumption of risk requires that there be a knowing and understanding acceptance of the risk incurred.

> The rule declared is, that it must be confined to cases where the plaintiff knew and appreciated the danger assumed, and with such knowledge and appreciation voluntarily put himself in the way of it.

*Kemp v. Jackson,* 274 Ala. 29, 145 So.2d 187, 191 (1962), *quoting Edwards v. Southern Ry.,* 233 Ala. 65, 66, 169 So. 715 (1936). In the case *sub judice,* the record is clear that plaintiff was aware of the fact that the corrugator machine was dangerous and that he would be injured if he stuck his hands into the machine. Were this a case in which the injury resulted from plaintiff's own voluntary action in sticking his hand between the rollers, the applicability of the defense of assumption of risk defense would be apparent. ·

■ This case does not present that situation, however. Here plaintiff claims he was injured because the paper he was feeding into the machine lapped over his hand and pulled it between the rollers. Davis testified both at his deposition and by affidavit that he was not aware that his hands could be caught by the medium of the paper and pulled under the protective shield and into the rollers involuntarily. Although he admitted that he knew that a co-worker had previously had his hand caught in the machine by "starting up another roll" of paper, he testified that he did not know whether the paper grabbed the co-worker's hand as it did his hand.

The district court recognized that the evidence was "somewhat clouded as to exactly what danger the plaintiff acknowledged that he understood," but, nevertheless, granted defendant's motion for summary judgment since it was "obvious that plaintiff did appreciate and understand the dangers associated with having his hand in the proximity of the paper being fed into the machine and that this [was] the danger that he assumed the risk of . . . ." The court apparently viewed the fact of the paper lapping over and catching Davis' hand as being unrelated to the negligence complained of, *i. e.,* the negligent safety inspection and the wrongful placing of the protective shield, and therefore not a matter to be considered in determining whether there was a genuine factual issue as to whether Davis assumed the risk of Liberty Mutual's negligence.

■ We disagree with the district court's analysis and hold that it erred in granting summary judgment in favor of defendant on this ground. The evidence did not conclusively show that there was no genuine issue of fact as to whether plaintiff knew and appreciated the danger which caused his injury. "Even where there is knowledge and appreciation of a risk, the plaintiff may not be barred from recovery where the situa-

tion changes to introduce a new element . . . . . The fact that the plaintiff is fully aware of one risk . . . does not mean that he assumes another of which he is unaware . . . ." W. Prosser, *Law of Torts* § 68, at 449 (4th ed. 1971). We find that in this case there was a genuine issue as to the assumption of risk defense which could not be properly resolved by summary judgment.

## III.

■ In reviewing a district court's grant of summary judgment, an appellate court may affirm even though the district court relied on the wrong reason in reaching its result. *Heirs of Fruge v. Blood Services,* 506 F.2d 841, 844 n.2 (5th Cir. 1975); 6 Moore's *Federal Practice* ¶ 56.27[1], at 2975 (2d ed. 1975). Thus, we must still examine defendant's alternative ground that plaintiff's case is lacking all elements of a cause of action for negligent inspection by an insurance company.

In *Beasley v. MacDonald Engineering Co.,* 287 Ala. 189, 249 So.2d 844 (1971), the Alabama Supreme Court recognized the existence of a cause of action for negligent inspection by an insurance carrier. Although in *Beasley* it was not necessary for the court to specify exactly the elements of this cause of action, we assume from the court's favorable citation of § 324A of the Restatement of Torts, Second, that it would adopt the formulation of the cause of action established in that rule:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

■ Recently, this Court discussed the requirements of § 324A at some length. In *Tillman v. Travelers Indemnity Co.,* 506 F.2d 917 (5th Cir. 1975) (Mississippi diversity case), we noted that § 324A required more than the making of safety inspections and a failure to exercise reasonable care in connection therewith.

For liability to attach, it must be shown that either (a) the insurer's negligence increased the risk of harm to the employee; or (b) the insurer undertook to perform a duty owed by the employer to the employees; or (c) the harm is suffered because of reliance of the employer or the injured employee upon the undertaking.

*Id.* at 920–921. We have examined the evidence available to the district court at the time of its consideration of the summary judgment motion and have found nothing which would raise a genuine issue of fact as to any of the three alternative conditions required by Restatement § 324A.

As to subpart (a), as in *Tillman* and *Stacy v. Aetna Casualty & Surety Co.,* 484 F.2d 289 (5th Cir. 1973), there is no serious contention that any act or omission by Liberty Mutual actually increased the likelihood of harm to the employee within the meaning of § 324A.

As to subpart (b), despite Davis' argument to the contrary, there is no evidence that Liberty Mutual undertook to perform a duty owed by the employer, Brockway Glass Company, to its employees. As in most states, the law in Alabama is clear that an employer has a legal obligation to provide his employees with a safe place to work. *Blount Brothers Construction Co. v. Rose,* 274 Ala. 429, 149 So.2d 821 (1962). At the time of the accident, Brockway had a fairly comprehensive safety program of its own, independent of Liberty Mutual.

As part of this program, it sponsored monthly safety inspections by a joint Union-Management Safety Committee and invited safety suggestions and recommendations from individual employees. Although it is true that on occasions Brockway requested that Liberty Mutual send representatives to assist in conducting plant inspections and to make recommendations for safety improvements, there is no evidence that Brockway ever delegated any part of its direct and primary duty to discover unsafe conditions. Rather, it appears that Brockway used Liberty Mutual for recommendations as an aid to the company in fulfilling its own duty to provide a safe place to work.

Finally, as to subpart (c), there is no evidence that Davis' accident occurred because of reliance by either himself or by Brockway on Liberty Mutual's undertaking to perform safety inspections. Davis admitted in his deposition that he was unaware of any safety inspections made by Liberty Mutual so he could not have relied on these inspections. There is no evidence that Brockway so relied on Liberty Mutual's inspections that it neglected its own safety program. This is the type of employer reliance which must be proved to establish a cause of action under § 324A. *Tillman v. Travelers Indemnity Co.,* 506 F.2d 917, 921 (5th Cir. 1975).

In summary, although the district court awarded Liberty Mutual summary judgment for an erroneous reason, we affirm its decision because there existed no genuine issue as to any material fact and the defendant was entitled to judgment as a matter of law, the plaintiff having failed to meet any of the three alternative requirements to establish a cause of action for negligent inspection by the insurance carrier. Rule 56, F.R. Civ.P.

Affirmed.

JOHN R. BROWN, Chief Judge (concurring in part and dissenting in part).

I concur in all of Parts I and II but dissent as to III.

I think the Court's approach reverses the correct process on summary judgment. On the defendant's motion for summary judgment on nonliability the defendant must demonstrate that no genuine issue of fact exists as to elements (a), (b) and (c) of § 324A. It is not on the plaintiff at that stage to proffer proof in acceptable form that there is a basis for (a), (b), (c) or any of them.

As I view the record here there are a lot of gaps. For example, the record shows that Liberty joined in the company safety survey, the recommendations numbering several hundred for the plant as a whole, including specific recommendations as to this very machine. The questions arise: If they found one deficiency on the machine why did they not catch this one? In that process to what extent was the company influenced by Liberty's recommendation? There are no sure fire answers of the type summary judgment requires and the case ought not to be cut off at the pass, even though when full testimony is presented on a trial the case will not get through the gap.