**Gregory BLEWITT and Janice Blewitt, h/w**

v.

**MAN ROLAND, INC., Miller Printing Equipment Corp., Alta Vista Printing Company, and D'Angelis & Sons, Inc., Specialty Printers of America Inc. and Alteliers Des Sounds Inc.**

**No. CIV. A. 00–CV–1887.**

United States District Court, E.D. Pennsylvania.

Oct. 5, 2001.

Frank A. DiGiacomo, Kozlov, Seaton, Romanini, Brooks & Greenberg, Cherry Hill, NJ, for plaintiffs.

Patrick J. Healey, Sweeney & Sheehan, Philadelphia, PA, for Alta Vista Printing, defendant.

Alan C. Milstein, Sherman, Silverstein, Kohl, Rose & Podolsky, Bala Cynwyd, PA, for Man Roland Inc., defendant.

Paul Lancaster Adams, Jr., Comeau & Bunker, Philadelphia, PA, for Alteliers Des Sounds, Inc., defendant.

Marcy B. Tanker, Devlin & Devine, Conshohocken, PA, for Specialty Printers of America, defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the motion which is now pending before this Court, Defendant DeAngelis & Sons, Inc. moves for the entry of summary judgment in its favor on all counts of Plaintiffs' complaint. For the reasons which follow, the motion shall be granted.

### Factual Background

On February 11, 1998, Plaintiff Gregory Blewitt was injured when the shirt he was wearing became caught in the printing press he was operating in the course of his employment with the Oak Lane Printing Company in Philadelphia. On February 10, 2000, Plaintiffs brought this suit in the Court of Common Pleas of Philadelphia County against all defendants under the theories of strict products liability, negligence and breach of warranty. Shortly thereafter, the case was removed to this Court.

In support of its summary judgment motion, DeAngelis & Son, Inc. ("DeAngelis") contends that it did not design, manufacture, own or sell the subject press. Rather, Moving Defendant avers it merely provided service, maintenance and repair work on the press when requested to do so by its then-owners and that it moved the press twice—after its sale from Specialty Printers of America to Alta Vista Printing Company and from Alta Vista to Oak Lane Printing Co., Mr. Blewitt's employer. In light of this, DeAngelis argues it cannot be held liable under any of the plaintiffs' theories of liability.

### Standards Governing Summary Judgment

It is recognized that the underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Under Fed.R.Civ.P. 56(c), summary judgment is properly rendered:

"... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Stated more succinctly, summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–32, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Oritani Savings & Loan Association v. Fidelity & Deposit Company of Maryland*, 989 F.2d 635, 638 (3rd Cir.1993); *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 125–126 (3rd Cir.1994); *Arnold Pontiac–GMC, Inc. v. General Motors Corp.*, 700 F.Supp. 838, 840 (W.D.Pa.1988). An issue of material fact is said to be genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In *Celotex Corp. v. Catrett, supra*, the Supreme Court articulated the allocation of burdens between a moving and nonmoving party in a motion for summary judgment. Specifically the Court in that case held that the movant had the initial burden of showing the court the absence of a genuine issue of material fact, but that this did not require the movant to support the motion with affidavits or other materials that negated the opponent's claim. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The Court also held that Rule 56(e) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)). This does not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose its own witnesses. Rather, Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c),except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the required showing that a genuine issue of material fact exists. *Id.* See Also, *Morgan v. Havir Manufacturing Co.*, 887 F.Supp. 759 (E.D.Pa.1994);

*McGrath v. City of Philadelphia*, 864 F.Supp. 466, 472–473 (E.D.Pa.1994).

### *Discussion*

■ In their response to Moving Defendant's motion, "Plaintiffs concede that defendant DeAngelis is not a seller of the subject press, and, as such, liability under Section 402A of the Restatement (Second) of Torts is not applicable to DeAngelis." Given that 13 Pa.C.S. § 2318 similarly applies only to sellers, summary judgment on Counts I and III (Strict Products Liability and Breach of Warranty) are granted without the necessity for further discussion.[1]

Plaintiffs, however, also seek to hold DeAngelis responsible for Mr. Blewitt's injuries under Restatement (Second) of Torts, § 324A. That Section reads:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

■ The foundational requirement of § 324A is that in order for liability to be imposed upon the actor, he must specifical-

---

1. Specifically, § 2318 provides that:

The warranty of a seller whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reason- able to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

ly have undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative legal duty to perform that undertaking carefully. *LaFountain v. Webb Industries Corporation*, 1991 WL 45363, *2, 1991 U.S. Dist. LEXIS 4043 at *6 (E.D.Pa.1991), citing *Blessing v. United States*, 447 F.Supp. 1160, 1188–1189 (E.D.Pa.1978).

■ Stated otherwise, in order to prevail under § 324A, a plaintiff must establish more than the fact that a defendant negligently performed a duty owed to another which he or she should have foreseen as necessary to the safety of another. *Santillo v. Chambersburg Engineering Company*, 603 F.Supp. 211, 214 (E.D.Pa. 1985). The plaintiff must also show that the requirements of one of the subsections of § 324A have been met. *Id.* Subsection (a) requires that the activities of the defendant must have somehow increased the risk of harm to the plaintiff; it is well-settled that negligent inspection does not meet the requirements of § 324A(a). *Id.*, citing *Canipe v. National Loss Control Service Corp.*, 736 F.2d 1055, 1062 (5th Cir.1984), *cert. denied*, 469 U.S. 1191, 105 S.Ct. 965, 83 L.Ed.2d 969 (1985), *Patentas v. United States*, 687 F.2d 707, 717 (3d Cir.1982), *Raymer v. United States*, 660 F.2d 1136, 1143 (6th Cir.1981) and *Davis v. Liberty Mutual Insurance Co.*, 525 F.2d 1204, 1207 (5th Cir.1976). Similarly, in order for subsection (b) to apply to any given situation, the relationship involved must be one that has given rise to a duty to use reasonable care. *Santillo*, 603 F.Supp. at 215. The mere making of safety recommendations does not establish such a duty nor is mere knowledge of a dangerous situation, even by one who has the ability to intervene, sufficient to create a duty to act. *LaFountain*, 1991 WL

45363, *2, 1991 U.S. Dist. LEXIS at *7, *citing Wenrick v. Schloemann–Siemag Aktiengesellschaft*, 523 Pa. 1, 564 A.2d 1244, 1248 (1989); *Blalock v. Syracuse Stamping Co., Inc.*, 584 F.Supp. 454, 456 (E.D.Pa.1984)

■ In this case, Plaintiffs contend that Moving Defendant should be held liable for Mr. Blewitt's injuries given Mr. DeAngelis' testimony that it was the "standard practice" of his company that if it had noticed the lack of roller guards on the press in the course of its servicing, it would have brought the missing roller guards to the attention of the press' owners. Accepting this argument as true and even assuming that the moving defendant did notice that there were no roller guards on the press at issue, however, the plaintiffs have produced no evidence that the defendant's "standard practice" equated to a duty owed to the husband-plaintiff. Indeed, at most DeAngelis was charged with the making of safety recommendations-there is nothing to suggest that it was charged with the obligation to implement those recommendations or to otherwise ensure that the press was safe for its operators. Again, the mere fact that the moving defendant had knowledge of a safety deficiency, even assuming that it had the ability to intervene, does not of itself give rise to a duty of care. *LaFountain, supra.*

Moreover, the plaintiffs have likewise adduced no evidence that DeAngelis' purported activities in any way increased the risk of harm to them, nor has there been any showing that Mr. Blewitt was injured because he relied upon the moving defendant to properly inspect and/or notify his employer of the missing guards. Rather, it is clear that the plaintiffs are endeavoring to hold defendant DeAngelis liable for its allegedly negligent inspection of the printing press. As noted above, however, negligent inspection does not meet the re-

quirements of § 324A(a). For all of these reasons, we must conclude that summary judgment is also properly entered with respect to the two remaining claims (for negligence and loss of consortium) of Plaintiffs' complaint.

An appropriate order follows.