**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-20109**
_____

**GINGER ROOK,**

**Plaintiff-Appellant,**

**versus**

**XEROX CORPORATION,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas,**
**Houston Division**
**01-CV-2966**
_____

December 18, 2002

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Ginger Rook ("Rook") appeals the district court's grant of summary judgment in favor of appellee Xerox Corporation ("Xerox") on her claims under the Family and Medical Leave Act of 1993 ("FMLA"), the Americans with Disabilities Act of

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1990 ("ADA"), and the Texas Commission on Human Rights Act.[2]  Rook appeals on three grounds: (1) that Rook established a genuine issue of material fact as to each element of her causes of action; (2) that the district court erred in not allowing her additional time for discovery under Federal Rule of Civil Procedure 56(f); and (3) that the district court erred in granting summary judgment on an issue not raised by the parties and of which Rook had no notice. Finding no reversible error, we AFFIRM.

## BACKGROUND

Xerox hired Rook on February 8, 1999, after she had worked for Xerox through Manpower, Inc. for nearly a year.  On June 28, 1999 Rook requested and received a 30 day leave of absence because of pain related to the physical pain of weekly biopsies Rook was undergoing, weight loss, flu-like symptoms, and depression.  During her leave of absence Rook's physician found that Rook's biopsies indicated the presence of cancerous tissue and that Rook needed surgery.  Rook called her supervisor at Xerox, Kevin Brown, on July 23, 1999 to inform him that she was scheduled to have surgery on July 29 and that she might be able to return to work in mid-August.  On July 26, Rook called Brown and informed him that her surgery had been rescheduled for August 2.  On August 2,

---

[2]Rook does not appeal the grant of summary judgment on her state law claim.

2

Rook underwent surgery in which Dr. Michael Bevers removed a cancerous tumor and the lymph nodes in Rook's right leg.

On August 3, Dr. Lynn Parker (a colleague of Bevers) informed Rook that she could not return to work until September 13, 1999 due to the extent of the surgery performed the preceding day. On August 6, Parker notified Health International by facsimile that Rook would not be able to return to work before September 13.[3] Rook faxed that same letter to Brown on August 9.[4] On August 26, Brown sent a letter to Rook informing her that "if you [Rook] are unable to report to work on [August 30, 1999], and you do not provide me with a satisfactory explanation for your absence, you will be considered to have voluntarily resigned your employment with Xerox Corporation, effective June 26, 1999." Rook called Brown on August 30 or 31 to remind him that she was on an approved medical leave of absence through September 13. Brown stated that he stood by his letter and told Rook that Health International had informed him that Rook's disability benefits had been denied and that Rook was absent without leave.

---

[3]Health International is a company that manages Xerox's disability program. Part of Health International's duties involves assessing the extent to which a disability limits a Xerox employee's ability to work.

[4]Xerox contends that Brown never received a copy of Parker's letter. However, since we are reviewing a grant of summary judgment we review the evidence in the light most favorable to Rook. Rook also claims that Brown confirmed receiving this letter from Rook. The portions of the record that Rook cites in support of this contention, however, provide no evidence of any such confirmation.

Rook then called Heidi Sanders, her case manager at Health International. Sanders confirmed that Rook's leave had been extended to September 12 and offered to call Brown so informing him. Sanders did in fact call Brown and tell him that Rook's leave had been extended. Due to Sanders's call, Brown understood Rook's leave to have been authorized through September 12, and he considered Rook not to have resigned her employment with Xerox. Sanders then called Rook at her telephone number on record with Xerox and Health International to inform her that she had not been terminated. Sanders left a message with Rook's ex-husband with whom she was living at the time. Sanders called again the next day and left another message. Sanders called again on September 9 and left a message for Rook on the answering machine. Rook did not return any of these messages. Sanders then sent a letter to Rook at her address on record with Xerox advising her to contact Health International immediately. Neither Xerox nor Health International received any response.

Unknown to Xerox and Health International, however, Rook moved from Houston to Amarillo, Texas on September 8. Rook did not advise Xerox or Health International of her move or her change of address. On September 13, Rook's doctor advised Health International that Rook could return to work on September 17. In response Health International extended Rook's leave and disability payments through September 16. On September 15, Sanders again

4

called Rook and left a message. Rook did not return the call. During this time in September 1999, Rook continued to receive bi-weekly disability payments from Xerox via direct deposit into her bank account. Under Xerox policy, these payments would have ended had she been discharged.

On September 28, because Rook had failed to return to work or contact either Xerox or Health International, Brown sent her a letter advising that she must return to work by September 30 or she would be considered to have voluntarily resigned. This letter went unanswered. On October 1, Brown sent another letter to Rook informing her that she was deemed to have resigned her employment.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Hunt v. Cromartie, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999); see also Fed. R. Civ. P. 56(c). At the summary judgment stage, a court may not weigh the evidence or evaluate the credibility of witnesses, and all justifiable inferences will be made in the nonmoving party's favor. Morris,

5

144 F.3d at 380 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)).  This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

**DISCUSSION**

The FMLA contains two separate sets of provisions. It provides both prescriptive, substantive entitlements to eligible employees and proscribes discrimination against eligible employees for taking advantage of these statutory entitlements. Hunt v. Rapides Healthcare Sys. L.L.C., 277 F.3d 757, 763 (5th Cir. 2001); Bocalbos v. National W. Life Ins. Co., 162 F.3d 379, 383 (5th Cir. 1998).  Rook alleges that Xerox violated the FMLA when it terminated her in August prior to the expiration of the twelve weeks of unpaid leave she was entitled to under the FMLA. See 29 U.S.C. § 2612 (a)(1)(D) (2000).  Thus, Rook asserts that Xerox is liable both under the FMLA's prescriptive entitlements and its anti-discrimination provisions.

Fundamental to Rook's FMLA statutory entitlement claim is the need to establish a genuine issue of material fact that she was in fact terminated prior to the end of her statutorily mandated unpaid leave.  The parties appear to agree that an employee is actually discharged "when the employer uses language or engages in

6

conduct that 'would logically lead a prudent person to believe his tenure has been terminated.'" Chertkova v. Connecticut General Life Ins. Co., 92 F.3d 81, 88 (2d Cir. 1996) (quoting NLRB v. Trumbull Asphalt Co., 327 F.2d 841, 843 (8th Cir. 1964)) (stating standard for actual discharge in Title VII cases); see also NLRB v. Cement Masons Local No. 555, 225 F.2d 168, 172 (9th Cir. 1955). Since the parties agree that this is the standard to be applied, and finding no controlling precedent of this court to the contrary, we will assume that it is in fact the proper standard.

After carefully reviewing the record, we conclude as a matter of law that Xerox's conduct would not have led a prudent person to believe that Rook's employment had been terminated. The only event that could have given Rook such an impression would be her conversation with Brown on or about August 30 regarding Brown's letter of August 26. Rook, in her brief, states that in this conversation Brown said that Rook's disability claim had been denied and that she was "absent without leave." Brown did not say that Rook was terminated; he said he stood by the August 26 letter, which plainly left it in Rook's hands to furnish proof of her ongoing disability. There is no evidence in the record that anyone from Xerox told Rook that she was terminated at any point prior to October 1. Furthermore, when Rook spoke to Sanders soon after her conversation with Brown, Sanders stated that Rook was on approved leave through September 12 and offered to contact Brown to clear up

7

the misunderstanding. Rook apparently failed to follow up with either Sanders or Brown concerning Sanders's offer to clarify the situation with Brown. She does not dispute that Sanders repeatedly attempted to call her during September, and she offered no summaray judgment evidence disputing her awareness of these calls. Finally, she offered no evidence that she was unaware of the deposits of disability benefits into her account in September or that those payments would not have been paid unless she was still employed by Xerox.

Under these circumstances, no prudent person could have believed that she was terminated in August. Thus, Rook was not discharged, or considered to have resigned voluntarily, until October 1, after the expiration of the leave she was entitled to under the FMLA. We affirm the district court's grant of summary judgment in favor of Xerox on Rook's claim based on the FMLA's substantive entitlements.

Rook also alleges that Xerox's termination of her employment constitutes discrimination based on her exercising her statutory rights under the FMLA. See 29 U.S.C. § 2615(a)(2) (2000). When an employee claims that an employer has discriminated against her for taking FMLA leave, and there is no direct evidence of discrimination, that claim is analyzed under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Chaffin v. John H. Carter Co., 179

8

F.3d 316, 319 (5th Cir. 1999). Under <u>McDonnell Douglas</u>, Rook must first establish a prima facie case of discrimination.[5] To establish a prima facie case of discrimination under the FMLA, Rook must show that "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave." <u>Hunt</u>, 277 F.3d at 768. Since Rook was not fired, she did not meet the second element of her prima facie case. Thus, summary judgment on her FMLA claim was proper.

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2000). As with the FMLA, this court applies the <u>McDonnell Douglas</u> framework to discrimination claims brought under the ADA.[6] <u>McInnis v. Alamo Community College Dist.</u>, 207 F.3d 276, 279 (5th Cir. 2000). And as with

---

[5]In her brief, Rook does not argue that there is a genuine issue of material fact under a direct evidence theory. She only argues that she can create a prima facie case of discrimination under the <u>McDonnell Douglas</u> framework.

[6]One can also prove discrimination under the ADA by direct evidence. <u>Seaman v. CSPH, Inc.</u>, 179 F.3d 297, 300 (5th Cir. 1999). Rook, however, does not argue that there is any direct evidence of discrimination.

discrimination claims brought under the FMLA, Rook must as part of her prima facie case establish that she was subject to an adverse employment action. Id. Since this court has found that as a matter of law Rook was not terminated by Xerox, she cannot establish this element of her prima facie case. Summary judgment in favor of Xerox on Rook's ADA claim was proper.

Rook also argues that the district court improperly granted summary judgment in Xerox's favor on her ADA claim because the district court may have relied upon grounds not previously raised or addressed by either party. Rook states that the district court suggested at the summary judgment hearing that her ADA claim failed because there was no nexus between her physical limitation and the reasonable accommodation she sought. Rook argues both that this "nexus" theory is incorrect and that even if it is correct, it was not raised by Xerox and thus Rook did not have notice of this argument or an opportunity to respond.

We need not address either the correctness of the "nexus" theory or whether the district court improperly relied upon a theory not raised by Xerox. We may affirm the grant of summary judgment for any reason supported by the record, even if not relied upon by the district court. LLEH, Inc. v. Wichita County, Tex., 289 F.3d 358, 364 (5th Cir. 2002). In fact, "an appellate court may affirm even though the district court relied on the wrong reason in reaching its result." Letcher v. Turner, 968 F.2d 508, 510 (5th

10

Cir. 1992) (per curiam) (quoting Davis v. Liberty Mutual Ins. Co., 525 F.2d 1204, 1207 (5th Cir. 1976)). Since Rook failed to establish that she was terminated, we affirm the summary judgment on this ground.

Rook appeals the district court's denial of her motion for additional time to conduct discovery under Rule 56(f). Under Federal Rule of Civil Procedure 56(f), a summary judgment non-movant may seek a continuance to conduct additional discovery necessary to discover facts necessary to the non-movant's opposition to the summary judgment motion. Fed. R. Civ. P. 56(f). A district court's denial of a motion for additional time for discovery under Rule 56(f) is reviewed for abuse of discretion. Beattie v. Madison County School Dist., 254 F.3d 595, 605 (5th Cir. 2001). Rook argues that the district court's denial of her motion prevented her from discovering evidence she required to respond to the motion. Specifically, Rook states that she should have been permitted additional discovery regarding (1) whether Health International had the authority to make employment decisions for Xerox, (2) Xerox's receipt of Parker's note stating that Rook could not return to work until September 13, and (3) Xerox's attempts to contact her after August 30.

We conclude that the district court did not abuse its discretion in denying additional discovery. Health International's authority to make employment decisions is not relevant to whether

11

or not Xerox terminated Rook. Neither party suggests that Health International discharged Rook from her employment at Xerox. Furthermore, whether Health International had the authority to reinstate Rook's employment is not relevant because Rook was never terminated. Health International's involvement is relevant only with respect to whether Rook could reasonably conclude she had been terminated by Xerox in light of the actions taken by Sanders.

Additional discovery regarding whether Xerox received Parker's note would likewise not raise an issue of material fact. In fact, in this opinion, we have assumed that Xerox did receive the note. Finally, Rook argues that she required additional discovery regarding Xerox's attempts to contact her. Xerox, however, had produced copies of the letters they sent to her at her address on record with Xerox as well as documentation of Health International's attempts to contact Rook after August 31. Rook does not identify what other discovery she required in order to obtain "facts essential to justify [her] opposition." Fed. R. Civ. P. 56(f). She simply states that she is entitled to additional discovery on how Xerox attempted to contact her. In light of Xerox's having already produced documentation of its attempts to contact Rook after August 30, we cannot say that the district court abused its discretion in denying additional discovery regarding this issue.

Finally, Rook appeals the district court's denial of her motion to strike certain hearsay evidence in Xerox's motion for summary judgment. Rook, however, simply states that she re-urges her objections made before the district court without providing any argument or analysis. Thus, she has waived this issue on appeal. L & A Contracting Co. v. Southern Concrete Servs., 17 F.3d 106, 113 (5th Cir. 1994)(issues inadequately briefed are deemed waived).

## CONCLUSION

Upon review of the record, we find no genuine issue of material fact supporting Rook's ADA or FMLA claims because she cannot establish that she was terminated by Xerox. Furthermore, the district court did not abuse its discretion in denying additional time for discovery under Rule 56(f). Finally, the district court did not impermissibly grant summary judgment without proper notice to Rook. Finding no reversible error, we AFFIRM.

**AFFIRMED.**